J-S30039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE ADOPTION OF: D.S. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: A.S. | : | No. 1863 MDA 2016 |

Appeal from the Order entered October 28, 2016
in the Court of Common Pleas of Cumberland County,
Orphans' Court Division, No(s): 083 Adoptions 2016

| | | |
|---|---|---|
| IN THE ADOPTION OF: D.S., a Minor | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: A.S., Father | : | No. 1866 MDA 2016 |

Appeal from the Order entered October 19, 2016
in the Court of Common Pleas of Cumberland County,
Orphans' Court Division, No(s): CP-21-DP-0000027-2015

BEFORE: SHOGAN, RANSOM and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JUNE 12, 2017**

A.S. ("Father") appeals from the Orders[1] granting the Petition filed by

Cumberland County Children and Youth Services ("CYS") to involuntarily

terminate his parental rights to his son, D.S. (hereinafter "Child"), born in

May 2014, pursuant to 23 Pa.C.S.A. § 2511(a)(2), (5), (8) and (b), and

---

[1] This Court, *sua sponte*, consolidated Father's appeals from the Orders.

changing Child's permanency goal from reunification to adoption.[2]   We

affirm.

The trial court thoroughly set forth the relevant factual and procedural

history of this case, which we adopt as though fully set forth herein.  ***See***

Trial Court Opinion, 12/20/16, at 1-13.[3]

In this timely appeal, Father presents the following issues for our

review:

> 1. Did the trial court err as a matter of law and abuse its discretion in determining that [CYS] presented evidence so clear, direct, weighty, and convincing as to enable the fact[-]finder to come to a clear conviction[,] without hesitancy, of the truth of the precise facts in issue?
>
> 2. Did the trial court err as a matter of law and abuse its discretion in determining the best interests of [] [C]hild would be served by changing the permanency goal from reunification to adoption, when the evidence indicated that Father could provide for [] [C]hild's needs and appropriately parent [] [C]hild, or when other family members [were] ready and willing to take custody of [] [C]hild?
>
> 3. Did the trial court err as a matter of law and abuse its discretion in determining the best interests of [] [C]hild

---

[2] By Orders entered on October 19 and 28, 2016, the trial court also involuntarily terminated the parental rights of Child's biological mother, J.P. ("Mother"), and changed Child's permanency goal to adoption.  Mother filed an appeal, which is listed before this panel at Nos. 1889 and 1890 MDA 2016.

[3] We additionally observe that by an Order entered on October 7, 2016, the trial court appointed Marylou Matas, Esquire ("Attorney Matas"), as guardian *ad litem* ("GAL") to represent the interests of Child.  Attorney Matas appeared at the October 19, 2016 hearing, and filed a brief in this appeal, asserting her opinion that affirming the Orders on appeal best served Child's needs and welfare.

would be served by terminating the parental rights of Father, when the evidence indicated that the original reasons for placement of [] [C]hild no longer exist or had been substantially eliminated?

Father's Brief at 5 (issues numbered). Since Father's issues are closely related (and the Argument section of Father's brief does not individually address each issue), we will address them simultaneously.

In reviewing an appeal from an order terminating parental rights, we adhere to the following standard:

[A]ppellate courts must apply an abuse of discretion standard when considering a trial court's determination of a petition for termination of parental rights. As in dependency cases, our standard of review requires an appellate court to accept the findings of fact and credibility determinations of the trial court if they are supported by the record. *In re: R.J.T.*, [] 9 A.3d 1179, 1190 (Pa. 2010). If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion. *Id.*; [*In re*] *R.I.S.*, 36 A.3d [567, 572 (Pa. 2011) (plurality opinion)]. As has been often stated, an abuse of discretion does not result merely because the reviewing court might have reached a different conclusion. *Id.*; *see also Samuel Bassett v. Kia Motors America, Inc.*, [] 34 A.3d 1, 51 (Pa. 2011); *Christianson v. Ely*, [] 838 A.2d 630, 634 (Pa. 2003). Instead, a decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will. *Id.*

As [the Supreme Court] discussed in *R.J.T.*, there are clear reasons for applying an abuse of discretion standard of review in these cases. We observed that, unlike trial courts, appellate courts are not equipped to make the fact-specific determinations on a cold record, where the trial judges are observing the parties during the relevant hearing and often presiding over numerous other hearings regarding the child and parents. *R.J.T.*, 9 A.3d at 1190. Therefore, even where the facts could support an opposite result, as is often the case in dependency and termination cases, an appellate court must resist the urge to second guess the trial court and impose its

- 3 -

own credibility determinations and judgment; instead we must defer to the trial judges so long as the factual findings are supported by the record and the court's legal conclusions are not the result of an error of law or an abuse of discretion. *In re Adoption of Atencio*, [] 650 A.2d 1064, 1066 (Pa. 1994).

*In re Adoption of S.P.*, 47 A.3d 817, 826-27 (Pa. 2012).

The burden is upon the petitioner to prove by clear and convincing evidence that the asserted grounds for seeking the termination of parental rights are valid. *In re R.N.J.*, 985 A.2d 273, 276 (Pa. Super. 2009). "[T]he standard of clear and convincing evidence is defined as testimony that is so clear, direct, weighty and convincing as to enable the trier of fact to come to a clear conviction, without hesitance, of the truth of the precise facts in issue." *Id.* (citation and quotation marks omitted).

This Court may affirm a trial court's decision regarding the termination of parental rights with regard to any one subsection of 23 Pa.C.S.A. § 2511(a), along with a consideration of section 2511(b). *See In re B.L.W.*, 843 A.2d 380, 384 (Pa. Super. 2004) (*en banc*). In the instant case, we will focus on section 2511(a)(2) and (b), which provide as follows:

> **(a) General rule.--** The rights of a parent in regard to a child may be terminated after a petition filed on any of the following grounds:
>
> * * *
>
> (2) The repeated and continued incapacity, abuse, neglect or refusal of the parent has caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being and the conditions and causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied by the parent.

- 4 -

* * *

**(b) Other considerations.--** The court in terminating the rights of a parent shall give primary consideration to the developmental, physical and emotional needs and welfare of the child.  The rights of a parent shall not be terminated solely on the basis of environmental factors such as inadequate housing, furnishings, income, clothing and medical care if found to be beyond the control of the parent.  With respect to any petition filed pursuant to subsection (a)(1), (6) or (8), the court shall not consider any efforts by the parent to remedy the conditions described therein which are first initiated subsequent to the giving of notice of the filing of the petition.

23 Pa.C.S.A. § 2511(a)(2), (b).

To satisfy the requirements of subsection 2511(a)(2), the moving party must produce clear and convincing evidence regarding the following elements:  (1) repeated and continued incapacity, abuse, neglect or refusal; (2) such incapacity, abuse, neglect or refusal caused the child to be without essential parental care, control or subsistence necessary for his physical or mental well-being; and (3) the causes of the incapacity, abuse, neglect or refusal cannot or will not be remedied.  *In re Adoption of M.E.P.*, 825 A.2d 1266, 1272 (Pa. Super. 2003).  The grounds for termination of parental rights under subsection 2511(a)(2) are not limited to affirmative misconduct; to the contrary, those grounds may include acts of refusal as well as incapacity to perform parental duties.  *In re A.L.D.*, 797 A.2d 326, 337 (Pa. Super. 2002); *see also In re Adoption of S.P.*, 47 A.3d at 827 (stating that "[a] decision to terminate parental rights, never to be made lightly or without a sense of compassion for the parent, can seldom be more

- 5 -

difficult than when termination is based upon parental incapacity. The legislature, however, in enacting the 1970 Adoption Act, concluded that a parent who is incapable of performing parental duties is just as parentally unfit as one who refuses to perform the duties.").

Regarding section 2511(b), the trial court inquires whether the termination of parental rights would best serve the developmental, physical and emotional needs and welfare of the child. *See In re T.S.M.*, 71 A.3d 251, 267 (Pa. 2013). The court must also discern the nature and status of the parent-child bond, with utmost attention to the effect on the child of permanently severing that bond. *Id.* In conducting a bonding analysis, the court is not required to use expert testimony, but may rely on the testimony of social workers and caseworkers. *In re Z.P.*, 994 A.2d 1108, 1121 (Pa. Super. 2010). There is no bond worth preserving between a child and a biological parent where the child has been in foster care for most of the child's life, and the resulting bond with the natural parent is attenuated. *In re K.Z.S.*, 946 A.2d 753, 764 (Pa. Super. 2008). Further, it is appropriate to consider a child's bond with his or her foster parent(s). *In re T.S.M.*, 71 A.3d at 268.

Finally, "[w]hen we review a trial court's order to change the placement goal for a dependent child to adoption, our standard is abuse of discretion." *In re N.C.*, 909 A.2d 818, 822 (Pa. Super. 2006). "[T]he best interests of the child[,] and not the interests of the parent[,] must guide the

trial court, and the burden is on [CYS] to prove that a change in goal would be in the child's best interest." *In re R.I.S.*, 36 A.3d at 573 (citations omitted). The safety, permanency, and well-being of the child must take precedence over all other considerations. *In the Matter of S.B.*, 943 A.2d 973, 978 (Pa. Super. 2008).

Here, Father argues that the trial court erred in terminating his parental rights to Child, and changing Child's permanency goal to adoption, where "the original reasons for [] [C]hild's placement either have been eliminated[,] or are in the process of being eliminated[,]" and Father has met all of the primary permanency plan goals set for him by CYS. Father's Brief at 8, 12-13. Specifically, Father alleges that he met the following goals: "improving parenting skills; remaining drug and alcohol free; maintaining contact with [Child]; and completing anger management counseling." *Id.* at 8; *see also id.* at 13-16 (elaborating upon Father's alleged completion of goals). Finally, Father argues that terminating his parental rights was not in Child's best interest, as "Father and [C]hild have a strong bond. [] [C]hild calls [Father] dad, and goes directly to [Father] when he sees him." *Id.* at 8.

In its thorough Opinion, the trial court addressed Father's claims, discussed the relevant law, and determined that (1) termination of Father's parental rights to Child was warranted, supported by clear and convincing evidence, and in Child's best interests, under 23 Pa.C.S.A. § 2511(a)(2) and

(b); and (2) changing Child's placement goal to adoption was proper. **See**

Trial Court Opinion, 12/20/16, at 14-21. The trial court's findings are

supported in the record; its legal conclusions are sound; and we discern no

abuse of discretion by the trial court. We therefore affirm, based on the trial

court's Opinion, the Orders terminating Father's parental rights to Child and

changing Child's permanency goal to adoption. **See id.**

Orders affirmed.[4]

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/12/2017

---

[4] We note that we are cognizant of the recent decision of our Pennsylvania Supreme Court in **In re L.B.M.**, 156 A.3d 1159 (Pa. 2017), wherein the Court held that 23 Pa.C.S.A. § 2313(a) mandates that a trial court appoint counsel for a child in a contested termination of parental rights case, and the failure to do so is structural and can never be harmless. **See id.** at 1165-67, 1168-69. Justice Wecht's lead Opinion, joined by two other Justices in the following regard, further opined that a trial court in such proceedings is required to appoint a *separate*, independent attorney to represent a child's *legal interests* even when the child's GAL, who is appointed to represent the child's best interests, is an attorney. **See id.** at 1167-68. However, four Justices disagreed with that portion of the lead Opinion, holding that such separate representation would be required *only if* the child's best interests and legal interests were in conflict. **See generally id.** at 1170-79. In the instant case, unlike in **L.B.M.**, this issue of separate representation for the two-year-old Child's legal interest was never raised by any of the parties. Moreover, Attorney Matas competently represented Child's best interests and legal interests, and, notably, such interests were never in conflict.